JUSTICE RICE
dissenting.
¶18 I dissent.
¶19 First, the Court confuses two of Glenn’s arguments. The Court concludes it is unnecessary to reach the merits of Glenn’s claim because he “shouldü have raised the COBRA issue” in 1994 and he is “barred by the doctrine of res judicata from raising the COBRA issue now.” See ¶ 15. However, that conclusion does not resolve the case. Glenn’s COBRA issue was just one of several arguments raised by Glenn, both in the District Court and before this Court. His primary argument is that the parties’ settlement agreement cannot be interpreted-without regard to COBRA-as requiring him to provide health insurance to Faye after cessation of his employment and for her lifetime.
¶20 Res judicata should not preclude Glenn’s primary argument. The District Court stated, erroneously, as follows:
*525 The Court agrees that the Court’s 1994 Findings, Conclusions and Orders are res judicata of the issue now before the Court. Although Glenn’s previous attorney, John Houtz, did not raise the issue of the effect of the federal COBRA law, the question [was] whether Glenn should have to continue to provide such medical coverage after the coverage was no longer available through his employer. [Emphasis added.]
However, this was not the issue in 1994. Rather, Glenn moved for modification of the original agreement to eliminate the insurance requirement on the grounds of changed circumstances: that Faye was living with another party who was supporting her and that the parties’ child was no longer residing with Faye. His employment had nothing to do with his motion for modification filed March 7, 1994.
¶21 The issue now is whether the agreement imposes a lifetime obligation upon Glenn to provide insurance to Faye following the cessation of his employment. This issue was not raised by either party or addressed by the District Court in 1994. Further, because Glenn was employed at that time, the issue was arguably not then ripe, and I would not apply res judicata to preclude Glenn’s raising of the issue now. Glenn’s retirement raises an important issue regarding the original agreement’s meaning.
¶22 The parties’ original agreement required that Glenn “shall maintain coverage for the benefit of the wife under his health insurance provided to him by his employer ....” The orders entered by the District Court in 1994 did not address the employment issue, but simply concluded that Glenn’s motion for modification, based upon changed circumstances, was without merit, and affirmed the terms of the original agreement, stating: “[Glenn] shall obtain medical insurance for [Faye] as required by the Property Settlement, Child Custody and Support Agreement...” (Emphasis added.) The orders did not revise Glenn’s original insurance obligation. They reaffirmed it against a requested modification.
¶23 In this matter, the District Court concluded that the unwritten “gist” of the 1994 orders was to impose a continuing obligation upon Glenn to provide insurance to Faye that was not limited to the time of his employment, holding that “[although not explicitly stated, it is implicit that Glenn should continue to provide such medical coverage for her lifetime.” This conclusion is incorrect in two respects. First, the 1994 orders imposed no new obligation upon Glenn, but, rather, reimposed the original obligation, which was to maintain insurance for Faye as “provided to him from his employer.” Second, the agreement *526 should not be interpreted to implicitly impose a post-employment, lifetime obligation upon Glenn, when such a far-reaching requirement was not mandated by the agreement, and when the obligation as stated was linked to his employment.
¶24 I would not by implication impose an obligation upon Glenn and, following his death, upon Glenn’s estate, to provide insurance for Faye for the remainder of her life. Therefore, I would reverse.